1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER C. GARLAND,                      No.  2:15-cv-1165 KJN P

12                  Plaintiff,

13          v.                                      ORDER

14    JOHN PUIG, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20    § 636(b)(1).

21          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C.

22    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2  true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

3  pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

4  (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

5         Named as defendants are Dr. John Puig, Dr. R. Starr, Dr. S. Golubyanikov and Dr. O.

6  Kalincsak.  Plaintiff alleges that he received inadequate dental care.  In particular, plaintiff alleges

7  that he has been complaining of dental pain since October 2014.  Plaintiff alleges that on

8  December 1, 2014, he received a partial cleaning but was still in pain with bleeding and swollen

9  gums.  On December 29, 2014, defendant Starr saw plaintiff.  After seeing defendant Starr,

10  plaintiff's symptoms persisted.  On January 7, 2015, defendant Kalincsak saw plaintiff.  At that

11  time, defendant Kalincsak gave plaintiff a filling.  Plaintiff was not given any pain medication

12  "right away" and his pain persisted.

13         Plaintiff alleges that on February 13, 2015, he was seen, although he does not identify by

14  whom, and had two fillings filled.  Following that appointment, plaintiff's pain increased.  After

15  further complaints, plaintiff was seen by defendant Starr on February 25, 2015, and by defendant

16  Kalincsak on March 11, 2015, for a cleaning.  As relief, plaintiff seeks money damages.

17         Plaintiff's complaint contains no allegations against defendants Puig and Golubyanokav.

18  The Civil Rights Act under which this action was filed provides as follows:

19         Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the
20         deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
21         law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

23  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

24  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978) ("Congress did not intend § 1983

25  liability to attach where . . . causation [is] absent."); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976) (no

26  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

27  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

28  to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

3

affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Defendants Puig and Golubyanikov are dismissed because plaintiff has not linked them to the alleged deprivations. If plaintiff files an amended complaint, he must specifically allege how these defendants violated his constitutional rights. Plaintiff may not rely on exhibits to state his claims for him.

To succeed on an Eighth Amendment claim predicated on the denial of medical (or dental) care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that

1   plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take

2   reasonable measures to abate it." Id. at 847.  "[I]t is enough that the official acted or failed to act

3   despite his knowledge of a substantial risk of serious harm." Id. at 842.

4      A physician need not fail to treat an inmate altogether in order to violate that inmate's

5   Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A

6   failure to competently treat a serious medical condition, even if some treatment is prescribed, may

7   constitute deliberate indifference in a particular case.  Id.

8      It is well established that mere differences of opinion concerning the appropriate treatment

9   cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330, 332

10   (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

11      For the following reasons, the undersigned finds that plaintiff has not pled potentially

12   colorable claims against defendants Kalincsak and Starr.  Plaintiff alleges that he first saw

13   defendant Starr on December 29, 2015, but his symptoms persisted after this exam.  Plaintiff does

14   not allege what occurred during this exam.  Without knowing how defendant Starr treated

15   plaintiff on this date, or failed to treat plaintiff, the undersigned cannot determine whether

16   plaintiff has stated a potentially colorable claim against defendant Starr.

17      Plaintiff alleges that defendant Kalinscak gave plaintiff a filling on January 7, 2015, but

18   that plaintiff's pain persisted because he was not given pain medication "right away."  It is

19   unclear if plaintiff is claiming that the filling caused him to suffer pain or if plaintiff is alleging

20   that defendant Kalinscak failed to treat the pain he had been suffering from since October 2014.

21   Plaintiff's claim that he was not given pain medication "right away" also suggests that plaintiff

22   later received pain medication.  Without knowing more about the pain defendant Kalinscak

23   allegedly failed to treat and whether plaintiff later received pain medication, the undersigned

24   cannot determine whether plaintiff has stated a potentially colorable claim against defendant

25   Kalinscak.

26      Plaintiff next alleges that he was seen by defendant Starr on February 25, 2015, after

27   plaintiff complained about pain.  Plaintiff does not describe what defendant Starr did, or failed to

28   do, on February 25, 2015, which allegedly violated his constitutional rights.  Because plaintiff

1    does not describe defendant Starr's conduct on February 25, 2015, the undersigned cannot

2    determine whether plaintiff has stated a potentially colorable claim for relief against defendant

3    Starr.

4         Plaintiff alleges that defendant Kalinscak cleaned his teeth on March 11, 2015.  It is

5    unclear how plaintiff is alleging that defendant Kalinscak violated his constitutional rights on

6    March 11, 2015.  Because plaintiff's claim against defendant Kalinscak regarding the March 11,

7    2015 cleaning is vague and conclusory, the undersigned cannot determine whether plaintiff has

8    stated a potentially colorable claim for relief against defendant Kalinscak.

9         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

10   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

11   Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

12   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

13   some affirmative link or connection between a defendant's actions and the claimed deprivation.

14   Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

15   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

16   rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

18   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19   complaint be complete in itself without reference to any prior pleading.  This requirement exists

20   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

21   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

22   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

23   original complaint, each claim and the involvement of each defendant must be sufficiently

24   alleged.

25        In accordance with the above, IT IS HEREBY ORDERED that:

26        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

27        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

28   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3.  Plaintiff's complaint is dismissed.

      4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

            a.  The completed Notice of Amendment; and

            b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  June 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gar1165.14

7

1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                         FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    CHRISTOPHER C. GARLAND,                    No.  2:  15-cv-1165 KJN P
12                      Plaintiff,
13           v.                                  NOTICE OF AMENDMENT
14    JOHN PUIG, et al.,
15                      Defendants.
16
17           Plaintiff hereby submits the following document in compliance with the court's order
18    filed_____.
19                       _____        Amended Complaint
      DATED:
20
21                                             _____
22                                             Plaintiff
23
24
25
26
27
28